## Fraternal Benefit Societies' Endowment Certificates.

*Fraternal benefit societies—Endowment benefit certificate—Act of May 20, 1921.*

A fraternal benefit society organized under the Act of May 20, 1921, P. L. 916, has no authority to issue twenty-year endowment benefit certificates.

Department of Justice. Opinion to Hon. Matthew H. Taggart, Insurance Commissioner.

WAGNER, Dep. Att'y-Gen., Feb. 28, 1928.—We have your request of Feb. 9th for an opinion relative to the power and authority of a fraternal benefit

society organized and existing under, and in pursuance of, the provisions of the Act of May 20, 1921, P. L. 916, to issue to its members benefit certificates in the nature of twenty-year endowment certificates.

The sections of the act which are pertinent to the question propounded are sections 8 and 5, which read as follows:

"Section 8. Every such society shall have power to issue whole life, old age, or whole life combined with old age, limited payment life, term, sick or relief and dependent benefit certificates, and make the specified benefit payment in a single cash payment or in instalments or a term or life annuity. Every such certificate shall specify the amount of benefit furnished thereunder, and shall provide that the certificate, the charter or articles of incorporation, or, if a voluntary association, the articles of association, the constitution and laws of the society, and the application for membership and medical examination, signed by the applicant, and all amendments to each thereof, shall constitute the obligation of the society. Copies of the same, certified by the secretary of the society or corresponding officer, shall be received in evidence of the terms and conditions thereof; and any changes, additions or amendments to said charter or articles of incorporation, or articles of association if a voluntary association, constitution, or laws, made or enacted subsequent to the issuance of the benefit certificate, shall bind the member and his beneficiaries in all respects the same as though such changes, additions or amendments had been made prior to, and were in force at the time of, the application for membership.

"Section 5. Every such society shall provide for the payment of death benefits, and may provide for the erection of monuments to mark the graves of its deceased members. It may also provide for the payment of old age benefits which mature for payment to the member at not under sixty years of age, and for permanent and temporary disability payments. It may provide that a member, when permanently disabled or upon attaining not less than sixty years of age, shall have the option to surrender his certificate upon payment of all or such portion of its face value as may be authorized under the constitution and laws.

"Any society may provide for the acceptance of liens against benefit certificates, with interest at not less than 4 per centum per annum, in lieu of cash payments, but the total of such liens against any benefit certificate shall not exceed its share of the accumulation thereunder. Any such society collecting a level rate of contribution, under any of its benefit certificates, based upon any table of mortality allowed for valuation purposes in this act, may grant to members holding such certificates extended and paid up protection or such withdrawal equities as may be allowed under its constitution and laws, but no such grants or privileges shall exceed in value the portion of the accumulations to the credit of such certificate at the time such grant or privilege is allowed."

Section 8 enumerates the various classes of benefit certificates which a fraternal benefit society has power to issue. Included in this enumeration are whole life, limited payment life, term and old age certificates. Endowment certificates are not included, and failure to so include them is, in our opinion, indicative of an intention on the part of the legislature that no power or authority should exist in such societies to issue such certificates, their authority being limited to the classes enumerated.

It has been argued that the latter part of section 5, reading: ". . . Any such society collecting a level rate of contribution, under any of its benefit certificates, based upon any table of mortality allowed for valuation purposes

in this act, may grant to members holding such certificates extended and paid up protection or such withdrawal equities as may be allowed under its constitution and laws, but no such grants or privileges shall exceed in value the portion of the accumulations to the credit of such certificate at the time such grant or privilege is allowed," specifically authorizes the issuance of endowment certificates. It is evident, however, that section 5, although placed before section 8 in numerical order, is intended to grant certain privileges in connection with the benefit certificates authorized by section 8 and to describe more specifically some of such certificates, and not to extend the classes of benefit certificates authorized in section 8.

For example, section 8 authorizes the issuance of old age certificates. Section 5 restricts the old age benefits which may be paid. to benefits which mature for payment when the member reaches sixty years of age.

Section 5 likewise authorizes the granting to members holding benefit certificates under which there is collected a level rate of contribution extended and paid up protection or certain withdrawal equities. It should be noted, however, that this grant is restricted to members holding "its benefit certificates," and it, therefore, becomes necessary to refer to section 8 to determine the classes of benefit certificates authorized to be issued.

You are, therefore, advised that, in our opinion, the classes of benefit certificates which a fraternal benefit society organized and existing under the above Act of May 20, 1921, is authorized to issue are restricted to those classes enumerated in section 8 of the act; that the classes enumerated do not include endowment insurance; and that, therefore, such fraternal benefit society has no authority or power to issue a twenty-year endowment benefit certificate.

Nothing in this opinion, however, is to be construed as limiting the authority of any such fraternal benefit society to issue old age benefit certificates which mature for payment to the member at not under sixty years of age.

From C. P. Addams, Harrisburg, Pa.